Huang v. Barr

BIA
Tsankov, IJ
A098 469 134

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand nineteen.

PRESENT:
>  DENNIS JACOBS,
>  PETER W. HALL,
>  DENNY CHIN,
>  *Circuit Judges.*

_____

HAIFAN HUANG,
>  *Petitioner,*

v.                                                    17-3226
                                                      NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>  *Respondent.*

_____

FOR PETITIONER:          Yok-seung Chiu, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Anthony C.
                         Payne, Assistant Director; Liza S.
                         Murcia, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Haifan Huang, a native and citizen of the People's Republic of China, seeks review of a September 15, 2017, decision of the BIA affirming an April 28, 2017, decision of an Immigration Judge ("IJ") denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Haifan Huang,* No. A 098 469 134 (B.I.A. Sept. 15, 2017), *aff'g* No. A 098 469 134 (Immig. Ct. N.Y. City Apr. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decision of the IJ as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because Huang does not challenge the agency's conclusion that she is ineligible for asylum because she committed a particularly serious crime, we consider only her eligibility for withholding of removal and CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). The

applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018) (reviewing factual findings for substantial evidence and questions of law and the application of law to undisputed facts de novo).

To qualify for withholding of removal, an applicant must establish that her "life or freedom would be threatened" in the country of removal on the basis of one of five statutory grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see* 8 C.F.R. § 1208.16(b); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Because Huang was not persecuted in the past, she had to establish "that it is more likely than not" that she "would be persecuted." 8 C.F.R. § 1208.16(b)(2). To establish eligibility based on future persecution, an applicant must show that her fear is objectively reasonable. *Ramsameachire*, 357 F.3d at 178. To meet this standard, an applicant must demonstrate that she would likely be "singled out individually for persecution," or that there is a "pattern or practice" of persecution of persons "similarly situated" to her. 8 C.F.R. § 1208.13(b)(2)(iii). An applicant, like Huang, who has requested "relief based exclusively on activities undertaken

3

after h[er] arrival in the United States . . . must make some showing that authorities in h[er] country of nationality are (1) aware of h[er] activities or (2) likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138, 143 (2d Cir. 2008).

Similarly, an applicant for CAT relief must show that she is "more likely than not" to be tortured. 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." *Id.* § 1208.18(a)(2). In assessing the likelihood of torture, "all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [e]vidence of past torture," the possibility of relocation within the country, "[e]vidence of gross, flagrant or mass violations of human rights . . . and . . . relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3). To meet her burden of proof,

4

Huang was required to establish that someone in her "particular alleged circumstances" would more likely than not be tortured. *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

Huang failed to establish an objectively reasonable fear that she would more likely than not be persecuted or tortured. As the IJ noted, Huang was unable to testify with specificity about who would harm her in China and in what way, she was unaffiliated with any church or religious group in China, and she could not explain how the authorities would become aware of her attendance at underground church gatherings. Moreover, the country conditions reports do not demonstrate a pattern or practice of persecution or torture of the average churchgoer in Huang's home province of Zhejiang. The most recent reports described closures of churches and arrests of pastors, activists, and journalists, but not persecution or torture of ordinary churchgoers. The reports also recounted harassment and monitoring, but not persecution or torture, of Christians in Zhejiang. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (reasoning that treatment must rise above the level of "mere harassment" to constitute persecution). Thus, the reports do not show that someone in Huang's position who attends an underground church

5

is more likely than not to suffer harm rising to the level of persecution or torture, given that the arrests and detentions were of pastors and activists.  *See Hongsheng Leng*, 528 F.3d at 142; *Ivanishvili*, 433 F.3d at 341.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court